IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARTIN J. MAYER, and SHIRLEY
R. MAYER,

        Plaintiffs,        ORDER

 v.
                      10-cv-228-wmc

A & R LOGISTICS, INC. d/b/a A & R
TRANSPORT,

        Defendant.

---

  Plaintiffs Martin J. Mayer and Shirley R. Mayer filed this action alleging defendant A & R Logistics, Inc. d/b/a A & R Transport was negligent and liable for damages arising out of a collision involving Mayer and a semi-tractor/trailer owned by A & R Logistics. (Compl. (dkt. #2.) Plaintiffs invoke this court's diversity jurisdiction. (*Id.* at ¶ 5.) Because plaintiffs' complaint fails to provide the proper allegations to support diversity jurisdiction, the case cannot proceed until plaintiffs provide the proper information regarding their citizenship.

  This court has an independent obligation to insure that subject matter jurisdiction exists. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). The Court of Appeals for the Seventh Circuit has reiterated the need for litigants to meticulously review the limits of federal jurisdiction to prevent the waste of federal judicial resources. *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003). The federal courts are "always obliged to inquire *sua sponte* whenever a doubt arises as to the existence of

federal jurisdiction." *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 447-48 (7th Cir. 2000) (quotation omitted).

This court's diversity jurisdiction requires complete diversity of citizenship between each plaintiff and each defendant and an amount in controversy of at least $75,000. 28 U.S.C. § 1332. Plaintiffs' pleading is insufficient for two reasons. First, plaintiffs allege that they are both *residents* of the state of Wisconsin. (Compl. (dkt. #2.) ¶¶ 2, 3.) For the purpose of establishing diversity jurisdiction, however, the court examines the *citizenship*, not the residency, of individual persons. An individual is a citizen of the state in which he is domiciled, which is "the place one intends to remain." *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002); *see also Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("[R]esidence and citizenship are not synonyms and it is the latter that matters for purposes of diversity jurisdiction."). A person has only one domicile, but may have several residences.

Second, plaintiffs plead that defendant is a "foreign" corporation. (Compl. (dkt. #2) ¶ 4.) The court assumes plaintiffs use "foreign" to mean that defendant is not incorporated in Wisconsin. Plaintiffs, however, need to plead the state of incorporation, especially in light of the ambiguity concerning plaintiffs' citizenship.

Plaintiffs have until June 10, 2011 to provide this court with facts verifying the diversity of citizenship between themselves and defendant. If plaintiff fails to submit this information to the court by June 10, 2011, or their submission reveals that diversity jurisdiction does not exist, this case will be dismissed for lack of subject matter jurisdiction.

ORDER

IT IS ORDERED that plaintiff has until June 10, 2011 to provide to this court facts verifying the diversity of citizenship between plaintiffs Martin Mayer and Shirley Mayer and defendant A & R Logistics.

Entered this 31st day of May, 2011.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge